IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE DARRELL CRAYTON, ) | |
|           Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CV-2371-P |
| ) | |
| HONORABLE DAVID C. GODBEY, ) | |
|           Defendant. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff filed this complaint as a petition for writ of habeas corpus. Plaintiff's pleadings are difficult to decipher, so the Court sent him a Magistrate Judge's Questionnaire seeking additional information. Plaintiff's response to the Questionnaire states he seeks money damages related to his state court conviction for aggravated sexual assault. His complaint also appears to seek money damages for United States District Judge David C. Godbey's denial of his motion for DNA testing in *Crayton v. Watkins, et al.*, No. 3:10-CV-1557-N (N.D. Tex.). The Court therefore construes this complaint as arising under 42 U.S.C. § 1983.

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Process has not issued pending preliminary screening.

**II.    Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -1-

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.    Discussion

1.     *Heck v*. *Humphrey*

Plaintiff seeks money damages for his alleged wrongful conviction for aggravated sexual assault in *State of Texas v. Lee Crayton*, No. F98-70332 (203rd Jud. Dist. Ct., Dallas County, Tex.).

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff is currently serving a life sentence for his conviction. Plaintiff has failed to show

his conviction has been reversed or otherwise invalidated. Hence, no § 1983 cause of action has yet accrued and this claim should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

2. **Honorable David C. Godbey**

Plaintiff sues District Court Judge David C. Godbey for failing to grant him DNA testing in *Crayton v. Watkins, et al.*, No. 3:10-CV-1557-N (N.D. Tex. dismissed Oct. 6, 2010). Judges, however, have absolute immunity for actions take within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Judge Godbey's actions in ruling on Plaintiff's complaint in *Crayton v. Watkins, et al.*, No. 3:10-CV-1557-N, were clearly within his jurisdiction. Plaintiff's claims against Judge Godbey should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims challenging his conviction for aggravated sexual assault be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be dismissed under § 1915(e)(2).

Signed this 16th day of October, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).